

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SA:RMT/WDS  *271 Cadman Plaza East*
F.#2010R01540  *Brooklyn, New York  11201*

February 22, 2012

**By Email and ECF**

Ms. Victoria M. Aguilar
United States Probation Officer
Eastern District of New York

      Re:  United States v. William Soler
           Criminal Docket No. 10-708 (RJD)

Dear Ms. Aguilar:

      I write in response to the objections of the defendant William Soler to the Presentence Investigation Report ("PSR") in this matter.  For the reasons set forth below, the government submits that the defendant's objections are without merit and should not be incorporated into the PSR.

      First, although the government does not dispute the accuracy of the quotations from the trial record cited by the defendant relating to paragraphs 3, 4, 7, 8, 11 and 13 of the PSR, the report as written provides a fair summary of the testimony at trial, particularly given that both defendants were plainly engaged in joint criminal activity.

      Second, the defendant's contention (at 4) that the carjacking in this matter occurred "without bodily injury or a threat of death" is incorrect.  By convicting the defendant, the jury found beyond a reasonable doubt that he acted with the requisite conditional intent to cause death or serious bodily injury if necessary to take the vehicle.  See Trial Tr. 405-08. Although the defendant argues (at 4-5) that the conduct of his co-defendant, Sami Waters, was not forseeable to him, he cannot plausibly claim that he did not expect Waters to make threats of death or to injure anyone when they both carried loaded guns throughout the robbery.  And, as the trial record makes clear, the defendant affirmatively chose to continue his participation in the criminal venture even after he heard his co-defendant expressly threaten the victims with death and after he saw that one of the victims was bleeding from the head and unconscious. In short, because the robbery and the carjacking were plainly part of the same jointly undertaken course of conduct under

2

U.S.S.G. § 1B1.3(a)(1)(A)-(B) -- a course of conduct that unquestionably involved explicit threats of death and injury to one of the victims -- the enhancements set forth in the PSR for threats of death (§ 2B3.1(b)(2)(F)) and physical injury (§ 2B3.1(b)(3)(A)) are appropriate.  The defendant's objections should be rejected.

                                          Very truly yours,

                                          LORETTA E. LYNCH
                                          United States Attorney

                            By:      /s/
                                          Richard M. Tucker
                                          David Sarratt
                                          Assistant U.S. Attorneys
                                          (718) 254-6204 / 6418


cc:  Clerk of Court (RJD)(By ECF)
     Counsel of Record (By ECF)